JS - 6
LINK: 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8938 GAF (VBKx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | Ezio Augusto Van Horst et al v. Chase Home Finance et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**        (In Chambers)

## ORDER REMANDING CASE

On October 28, 2009, Plaintiffs Ezio and Virgie Van Horst ("Plaintiffs") filed the present suit in Ventura County Superior Court against defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), WMC Mortgage Corp. ("WMC"), Litton Loan Servicing ("LLS"), Chase Home Finance, LLC ("Chase"), and U.S. Bank, N.A ("U.S. Bank"). (Docket No. 1, Ex. 1 [Complaint].)  Plaintiffs stated a number of claims under California law, and also included one claim for violations of the federal Real Estate Settlement Procedures Act ("RESPA"). (Id., Ex. A, ¶¶ 172-78.)

To support their RESPA claims, Plaintiffs averred that after the close of escrow on their home loan, U.S. Bank and MERS paid fees and kickbacks to WMC, LLS, and Chase beyond the value of services rendered (See id.. ¶¶ 155, 173-78.) and thereby violated 12 U.S.C. § 2607(b).  Plaintiffs also alleged that Chase "fail[ed] to respond" to their request for a loan accounting (id. ¶¶ 25-26, 176), thereby violating additional RESPA provisions. See 12 U.S.C. § 2605.

Chase, U.S. Bank, and MERS timely removed the action to this Court under 28 U.S.C. § 1441(b), citing "federal question" jurisdiction (Id. [Not.] at 2.); soon thereafter, they moved to dismiss Plaintiffs' complaint. (Docket No. 5.)

JS - 6

LINK: 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8938 GAF (VBKx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | Ezio Augusto Van Horst et al v. Chase Home Finance et al | | |

In its February 1, 2010 order, the Court granted defendants' motion in part. (Docket No. 12.) The Court specifically concluded that the fees-and-kickbacks claims were time-barred, and absent further explanation regarding equitable tolling, these claims could not survive. (Id. at 4.) Plaintiffs' failure-to-respond claims were likewise defective, because the complaint did not disclose "the nature of the Defendants' alleged improper behavior," nor did it disclose whether the alleged request for an accounting was "made in writing." (Id. at 5.)

Accordingly, the Court dismissed the RESPA claims without prejudice and offered Plaintiffs the opportunity to amend their claims no later than February 22, 2010. (Id. at 2.) The Court also informed Plaintiffs that if they failed to "amend the complaint" and "state a federal claim upon which relief may be granted," the Court would dismiss the RESPA claim with prejudice and "exercise its discretion to remand" the remaining "state law claims to state court." (Id. at 2, 5.)

Although Plaintiffs filed their first amended complaint ("FAC") on February 22, 2010 (Docket No. 14.), this pleading does not state any federal claims. The FAC describes Chase's purported responsibility to "make an offer of a home loan modification," and refers to the federal Troubled Asset Relief Plan and Emergency Economic Stabilization Act of 2008. (Id. ¶¶ 35-46.) But neither of these laws is invoked to form a substantive legal claim. Plaintiffs' eighth cause of action for declaratory relief describes the defendants' contention that "they are not required to respond to Plaintiffs'[] R.E.S.P.A. notice"; includes a cursory reference to the defendants' "fail[ure] to comply with R.E.S.P.A."; and mentions that RESPA violations are "more particularly alleged in paragraph 18." (Id. ¶ 112.) Yet paragraph eighteen does not discuss RESPA violations, and the remainder of the FAC omits any other reference to federal claims.

In sum, Plaintiffs have failed to amend their pleading and state a valid RESPA claim, and they have also failed to state any other federal claim upon which relief can be granted. The RESPA claim is hereby **DISMISSED with prejudice**, and the pendant state law claims are hereby **REMANDED** to Ventura County Superior Court, consistent with the Court's discretion under 28 U.S.C. § 1367(c). All further proceedings in this matter are **VACATED** as moot.

JS - 6

LINK: 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8938 GAF (VBKx) | Date | April 26, 2010 |
|---|---|---|---|
| Title | Ezio Augusto Van Horst et al v. Chase Home Finance et al | | |

**IT IS SO ORDERED.**